**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4362**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY LAMONT MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:15-cr-00069-FL-1)

Submitted: December 15, 2016     Decided: December 19, 2016

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Lamont Moore pled guilty to possession with intent to distribute cocaine (Count One), and distribution and possession with intent to distribute heroin (Counts Two and Three), all in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). He was sentenced below his advisory Guidelines range to 148 months' imprisonment. On appeal, counsel for Moore has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court's sentence was substantively reasonable. Moore has not filed a pro se supplemental brief despite notice of his right to do so. The Government has moved to dismiss the appeal as barred by the appellate waiver included in Moore's plea agreement.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014). A waiver will preclude an appeal of "a specific issue if . . . the waiver is valid and the issue being appealed is within the scope of the waiver." Id. A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Whether a defendant validly waived his right to appeal is a question of law that we review

de novo.  United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Moore knowingly and voluntarily waived his right to appeal his conviction and sentence, with exceptions inapplicable here.  The sentencing claim raised on appeal clearly falls within the scope of this broad waiver.  We have reviewed the entire record in accordance with Anders and have found no meritorious issues for appeal outside the scope of the waiver.  Therefore, we grant the motion to dismiss and dismiss Moore's appeal.

This court requires that counsel inform Moore, in writing, of his right to petition the Supreme Court of the United States for further review. If Moore requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on Moore.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED